UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

AUG 1 6 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-383-GWU

NANCY TURNER,                                          PLAINTIFF,

VS:                    MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT,

## INTRODUCTION

Nancy Turner originally brought Turner v. Massanari, London Civ. A. No. 00-413 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of July 20, 2001, it was again before the Court on cross-motions for summary judgment in March of 2004. This decision was also reversed and remanded to the Commissioner by the undersigned in Turner v. Barnhart, London Civ. A. No. 02-655-GWU. Following another period of administrative reconsideration, the action is once more before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not

1

disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).
5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048,

3

1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or

4

leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Turner, a 36 year-old woman with a "limited" education and no past relevant work history, suffered from impairments related to bilateral hearing loss, being status post right wrist fracture, borderline intelligence, and dependent personality traits. (Tr. 606, 610). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 610). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 611). The ALJ based this decision, in part, upon the testimony of

5

a vocational expert. (Tr. 610).

The procedural history pertinent to this appeal is important. Turner filed the original SSI application which is before the Court on November 4, 1994. (Tr. 53). This application was denied at all administrative levels and the plaintiff appealed to federal district court. The undersigned reversed and remanded this denial decision on July 20, 2001. (Tr. 605). Upon remand, the SSI application was consolidated with an August 8, 2000 SSI application which the claimant had filed while her first application was pending before the Court. (Tr. 605). The consolidated applications were again denied at the administrative level in a decision which became final as of May 17, 2002. (Tr. 605). This denial decision was also appealed to federal district court and the undersigned again reversed and remanded the action to the Commissioner for further consideration on March 24, 2004. (Tr. 605-606). Turner had filed a third SSI application on May 28, 2002. (Tr. 606). This application was ultimately denied in an administrative decision on January 28, 2004. (Tr. 606). This third application was not consolidated with the first two applications and is not before the Court on this appeal. (Tr. 606). Thus, the time period for consideration on the current appeal runs from the November 4, 1994 filing date of the initial SSI application through May 27, 2002, the day before the filing of the third SSI application.

After review of the evidence presented, the undersigned concludes that the current administrative decision is still not supported by substantial evidence. The current record also mandates an immediate award of SSI.

This action was originally remanded by the Court in July of 2001 because the ALJ failed to properly consider the mental limitations indicated by Psychologist Gary Maryman. (Tr. 128-129). Turner v. Massanari, London Civ. A. No. 00-413 (July 20, 2001). Upon remand, this deficit was not cured. In

6

addition, the mental restrictions reported by Dr. Jeff Prater (Tr. 462-463), a treating source, issued following the remand were also not properly addressed in the decision and these problems became the basis of a second remand of the action for further consideration. Turner v. Barnhart, London Civ. A. No. 02-655-GWU (March 24, 2004).

In the July, 2004 denial decision remanded by the Court, the ALJ had relied upon the testimony of Dr. Doug McKeown who testified at the May, 2002 hearing as a medical advisor. The Court found that Dr. McKeown's testimony had been sufficient to offset the opinion of Dr. Wayne Edwards, an examining consultant. (Tr. 396-401). However, another reversal and remand of the action had been required because Dr. McKeown had not sufficiently addressed the opinions of either Maryman or Dr. Prater. This was required since Dr. McKeown, as a non-examiner, could only be relied upon to offset the actual examining sources if he saw and commented upon the reasons he disagreed with their opinions. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

Following this second remand of the action, the ALJ opined that Dr. Prater's mental limitations were not well-supported and asserted his belief that Maryman's opinion was really consistent with that of Dr. McKeown. (Tr. 609). No new testimony from a medical advisor was sought to address the concerns raised by the Court in the two prior remand actions. The Court finds that the ALJ's lay opinion on this question is insufficient to support the administrative decision. At the very least, Dr. McKeown should have been recontacted to address these questions. Therefore, the Court finds that the ALJ's decision is once again not supported by substantial evidence.

As previously noted, this action has been pending since November of 1994. Turner has been forced wait for almost 12 years for resolution of this

7

claim.  Under these circumstances, yet another remand of the action for further consideration would be unjust.  Maryman indicated the existence of a "seriously limited but not precluded" ability with regard to dealing with the public, functioning independently, demonstrating reliability and handling detailed job instructions. (Tr. 128-129).  Dr. Prater found "no useful ability" in such areas  as relating to co-workers, dealing with the public, dealing with work stresses, and maintaining attention and concentration.  (Tr. 464).  These are very serious restrictions which would likely preclude performance of the sedentary level jobs relied upon by the ALJ.  Therefore, the undersigned must find Turner to have been disabled from the  July 11, 1996 date of Maryman's first examination through May 27, 2002.

The undersigned concludes that the administrative decision must be reversed and remanded to the Commissioner for an award of SSI.  Therefore, the Court must grant the plaintiff's summary judgment motion and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___16___ day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8